Finney, Dobyn's & Shade, vs. The State of Missouri, use of, &c.

FINNEY, DOBYNS & SHADE vs. THE STATE OF MISSOURI, use of, &c.

1. This was an action of debt upon the bond of an administrator, against the securities. The declaration alleged the receipt of money by the administrator—that after its receipt he had died—and the breach assigned that the administrator did not, nor would faithfully account for and pay and deliver the said sum of money according to law. And that since the death of said administrator, his legal representatives, or any of them, have not paid the said sum of money." This is a sufficient assignment of a breach, and it need not be averred that the deceased had, or had not, an administratrator or executor.

2. The jury found that the administrator had failed to account and pay, but omitted to say anything as to any payment since his death. This was only an imperfect finding, and can only be taken advantage of by motion in arrest.

APPEAL from St. Louis Circuit Court.

GAMBLE & BATES for Appellants.

POINTS AND AUTHORITIES.

1st. On the demurrer.

The plaintiff's declaration leaves the money in the hands of O'Neil until his death, and shows no person in existence who was permitted

by law to pay it to his successor, or to meddle with it. No administration appears to have been taken on the estate of O'Neil. There was then, no breach of the condition of the bond. This case is not like the case of Darland vs. Cotton, et. al., 9 Mo. R. *There*, there *was* a person in being, who was bound to pay the money to the succeeding administrator; *here*, there was none.

2d. The inquiry by the jury was wrong.

By statute (R. C. p. 431, § 7,) the truth of the breach is to be found. An inquiry of this sort, must be into the truths of the whole breach, so far as it is material to the recovery, and must respond to it as a verdict does to an issue. And a verdict finding *part* of an issue, and leaving a material part undecided, is bad. The jury must find at least the substance of every issue submitted to them.

CALLAHAN for Appellee.

### POINTS AND AUTHORITIES.

I. The appellee contends that the court below did not err in overruling the demurrer. Because,

1st. It was not necessary to aver that there had been an order of the probate court for the payment of the money sought to be recovered in this action. The State, use of Darland, &c. vs. Porter, Kay & Cotton, 9 Mo. R.

2d. It was enough to assign the breach in the words of the condition of the bond; and the omission of the allegation that O'Neil's executor or administrator had not paid the aforesaid money, was not material. 3 Saunders, 411, n. 4, Arlington vs. Merrick; 2 Hen. & Mun. 446 & 459; 6 Wend. 454; 1 Bos. & Pull. 460; 1st Wend. 518, Pevey vs. Sleight. But,

3d. There is, substantially, such allegation in the declaration, the words, "his legal representatives," as therein used, implying and comprehending his executor or administrator, (if he had such, for the record does not show that he had.) 2 Saunders, 61, g. note 9; 1 Saunders, 235, a. note 8, last paragraph; 5 Mo. Rep. 147 (164) Wear & Hickman vs. Bryant; Rev. Stat. 1835, 394, "Limitations," art. 2, sec. 6; art. 3, secs. 4 & 5, page 44; "Administration," art. 1, sec. 34.

4th. The declaration throughout is sufficient on general demurrer. Rev. Stat. 1835, 430, "Penal Bonds," s. 1; 9 Mo. Rep. 218, Leetle vs.

Mercer; Rev. Stat. 1835, 458, "Practice at Law," art. 3, sec. 14; new Rev. Stat. 811, "Practice at Law," art. 3, sec. 16.

II. As to the error thirdly assigned, nothing can be successfully or properly urged here against the action of the jury in the circuit court. Because,

1st. No exception was thereto taken in the circuit court, and the supreme court will not entertain any objection in that behalf, which was not raised in the court below. 4 Mo. Rep. 446, Davidson vs.Peck; 7 Mo. Rep. 215, Fresh vs. Million, decided at the last July term of this court 6 Mo. Rep 50, Griffin & Kinote vs. J. & C. Samuel; 8 Mo. Rep. 59, Cornelius vs. Grant. But,

2d. There is not any thing that appears to be exceptionable in the inquiry, or the manner thereof; certainly nothing which the court here may not supply or amend. Rev. Stat. 1835, 468 & 469, " Practice at Law," art. 3, secs. 6, 7 & 8; new Rev. Stat. 827 & 828, " Practice at Law," art. 3, secs. 6, 7 & 8.

III. The appellants having withdrawn (as it is understood) all objection to the subject matter of their fourth assignment of error, the appellee, of course, need say nothing in relation thereto.

Scott, J., delivered the opinion of the court.

This was an action of debt on an administration bond executed by Hugh O'Neil, as administrator of the estate of Michael Reilly, dedeased, with the appellee Finney and others as his securities. Phillip McGowen was joint administrator with Hugh O'Neil. McGowen died, and after him O'Neil. The suit was against the securities of O'Neil. The declaration alledges that McGowen died, and that after his death, O'Neil, the surviving administrator became possessed of $2,877 13, belonging to the estate of Michael Reilly, deceased. It is further alledged, that after O'Neil became possessed of said sum of money, and before payment and delivery thereof according to law, the said O'Neil died, and Peter A. Walsh, as public administrator, took charge of the estate. The breach assigned is, that neither the said McGowen nor O'Neil, during their joint lives paid, nor the said O'Neil after the death of said McGowen, would or did faithfully account for, pay and deliver the said sum of money according to law, and that since the death of said O'Neil, his legal representatives, or any of them have not paid or delivered to Peter A. Walsh, the successor of O'Neil, the said sum of money, or any part thereof.

The defendants below prayed oyer of the bond, which being granted, they demurred to the declaration. The demurrer was overruled. A jury was then sworn to try the truth of the breach of the condition of the bond, alledged in the declaration, and to assess the damages arising thereon.

The jury by their verdict find that neither McGowen nor O'Neil, in their lifetime, nor O'Neil after the death of McGowen, did pay over the money, but omit saying anything in relation to the non-payment after the death of O'Neil, by his representatives.

The overruling the plaintiff's demurrer, and the defective finding in relation to the truth of the breach of the condition of the bond set out in the declaration, are the errors complained of by the appellants, defendants below.

It is urged for the appellants, that the declaration shows the money in the hands of O'Neil at the time of his death, but that there was no person shown to be in existence, who could by law pay it to his successor.

This is a suit, not against O'Neil nor his representatives. It is against his sureties. The breach of the condition alledged is, that O'Neil did not pay the money, nor has it been paid since his death. When O'Neil died there ceased to be any representative of Michael Reilly's estate the representative of O'Neil, as such, would have had no control over any trust fund, which had been committed to the care of O'Neil. Such fund would have belonged to the estate of Reilly. If this fund did not exist, the conversion of it by O'Niel, constituted a demand against his estate, which could have been obtained, only like any other demand. This being a suit against O'Neil's sureties, on a bond conditioned that O'Neil would account for money, and it appearing that the money was not paid by him during his life, and that it has not been paid since, on what principle is a suitor compelled to go further, and aver that there was an administrator of O'Neil, and that he had not paid it. Suppose there had been no administration on O'Neil's estate, or he had gone abroad and died, leaving no effects here; how could there have been an administration? Had there been an administration on O'Neil's estate, the probate court would have had no authority to make an order on O'Neil's administrator as such, relative to Reilly's estate; there would have been no privity between them. Had the money existed, and could it have been identified as the trust fund, M. Reilly's admr. might have compelled its delivery, or if it had been made way with, it would have been a demand against O'Neil's estate.

In accordance with the previous decisions of this or the da

tive finding of the jury could only be taken advantage of, by motion in arrest. Where a material issue is entirely overlooked by the jury, and the finding is not a general one, the want of such finding in a material issue, may be taken advantage of on writ of error, though no motion in arrest be made in the inferior court. Jones & Jones vs. Snedicor, 3rd Mo. Rep. 390 ; Pratt vs. Rogers, 5 Mo. Rep. 53. But when the finding is a general one, it will raise a presumption that all the issues have been duly considered by the jury, (Stout vs. Calver, 6 Mo. Rep. 256 ;) and where the finding is merely defective or imperfect, the judgdment will not be reversed, unless a motion has been made in the inferior court to arrest the judgment, and overruled. Davidson vs. Peck, 4 Mo. Rep. 445. In the present case there was but one breach before the jury, and their verdict upon that breach, did not embrace all the matters which they should have found to authorize their conclusion in favor of the plaintiff ; but inasmuch as the attention of the circuit court was not directed to the defect, where it would have been readily corrected, no advantage can be taken of it here.

Judgment affirmed.