FERRIS v. THAW et al., Appellants.

1.   **Variance.** If there be a discrepancy between a note offered in evidence and the one declared on in the petition, and defendants are misled thereby, they should take advantage of the variance by affidavit as provided by Wagner's Statutes, page 1033, ¿ 1.

2.   **Ratification of Acts of Agent.** Subsequent ratification is equivalent to prior authorization of the acts of an agent. No new consideration is necessary to support it.

3.   **Liability of Undisclosed Principal:** ABORTIVE CORPORATION. If an agent authorized to execute a promissory note, executes it in his own name, whether he discloses his agency or not, his principal may be sued on the note, unless it is clear that both parties to the note intended that the agent alone should be liable; and parol evidence is admissible to prove the intent.

   In this case members of a Masonic Lodge which had made an abortive attempt to become incorporate, were held liable upon a note executed by the officers of the lodge for the purposes of the lodge, with the approval of the members.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

This was an action brought by Mary J. Ferris against Charlie Thaw, John W. Luke, William B. Ryder and others on the following note:

$4,000.                          ST. LOUIS, October 3rd, 1870.

Twelve months after date I promise to pay to the order of John W. Luke, Treasurer, $4,000 without defalcation or discount, for value received, negotiable and payable at the Third National Bank of St. Louis, with ten per cent interest from date payable semi-annually.

(Signed)                          CHARLIE THAW, W. M.,
                                          Polar Star Lodge No. 79.

(Indorsed)                        JOHN W. LUKE, *Treasurer.*

The following state of facts appeared in evidence : On the 30th day of September, 1869, Polar Star Lodge No. 79, of Ancient Free and Accepted Masons, was a voluntary association of persons organized according to the rules of Masonry. Defendants were among its members, defendant Thaw being its chief officer, by the title of Worshipful Master, and defendant Luke its treasurer. On that day plaintiff loaned the lodge $4,000, which was afterward used. for the purposes of the lodge, and took a note in the following form :

One year after date, Polar Star Lodge No. 79, A. F. and A. M., of St. Louis, Missouri, promises to pay to the order of John W. Luke, $4,000, for value received, negotiable and payable, without defalcation or discount, at the banking house of G. H. Loker & Bro., with interest from date at the rate of ten per cent from date, payable semi-annually.

(Signed)                          CHARLIE THAW, W. M.

{ Seal of
  Lodge, }        *Attest:*  LORUM MITCHELL, Secretary.

(Indorsed:) JOHN W. LUKE, CHARLIE THAW, C. S. ROGERS, LEWIS BIERMAN, WILLIAM B. RYDER, etc.

The facts in relation to this loan and the execution of the note were duly reported to the lodge at its next meeting, and the transaction was approved, all of the defendants being present and voting for approval. Before the maturity of this note the lodge took steps to convert itself into a corporation, but failed, owing to neglect to file the articles of association in the office of the Secretary of State. Afterward the note being about to mature, at a meeting of the lodge, defendants Luke and Thaw were appointed a committee to renew it. Acting upon this authorization, this committee executed the note in suit. The lodge paid interest upon it for six years, but default being made plaintiff brought this suit. There was a verdict and judgment for plaintiff in the circuit court, which, on appeal to the St. Louis court of appeals, was affirmed. From the judgment of affirmance defendants Thaw and Ryder appealed to this court.

*E. B. Sherzer* for appellant Ryder.

1. Thaw did not profess to bind Ryder; nor did Ryder authorize Thaw to bind him. The authority he assisted in giving Thaw was to bind the lodge, and this cannot be construed into an authority to bind himself. Story on Agency, (8 Ed.) § 264; *Hurt v. Salisbury*, 55 Mo. 310, 314. Besides, there was no testimony tending to show that any authority was given by Ryder. The only testimony on that subject related to the first note. Nor was there any ratification by Ryder with the intention of binding himself. Story on Agency, (8 Ed.) § 239, § 251 a; *Pittsburg, etc., R. R. Co., v. Gazzam*, 32 Pa. St. 340, 347, 348; *Saunderson v. Griffiths*, 5 B. & C. 909, 914, 915; *Vere v. Ashby*, 10 B. & C. 288, 298; *Ferry v. Taylor*, 33 Mo. 323, 334. Assent to the execution of a note by Thaw, as professed agent

of a supposed corporation, cannot be the foundation of a claim against defendant on such note.

2. The lodge was an organized corporation, but not for the transaction of business. *Hurt v. Salisbury.*

*W. H. Clopton* for appellant Thaw.

The lodge was duly incorporated.

*Noble & Orrick* for respondent.

The lodge, owing to failure to file the articles of association with the Secretary of State, did not become incorporate. 55 Mo. 310. The members are, therefore, to be treated as partners. *Wells v. Gates,* 18 Barb. 554; *Hill v. Beach,* 12 N. J. Eq. 31. The name of "Charlie Thaw, W. M., Polar Star Lodge No. 79," signed to the note sued on, is the style adopted by them and is their name. Parsons on Partnership, 6. Those members of a firm who either authorize the execution of a note, or ratify after execution, are bound by it. On this principle all the defendants are liable, the testimony showing that they ratified the execution of both notes. *Williams v. Bank,* 7 Wend. 542; *Babb v. Reed,* 5 Rawle 151; *Cross v. Jackson,* 5 Hill 480. The claim that Thaw alone is liable cannot be maintained. The words " W. M., Polar Star Lodge No. 79," cannot be treated as mere *descriptio personae.* The evidence shows the note was given by him as an officer of the lodge, with the approval of the lodge, and the money was used by the lodge. It was, therefore, the obligation of the 'lodge. *McClellan v. Reynolds,* 49 Mo. 312; *Smith v. Alexander,* 31 Mo. 193; *Shuetze v. Bailey,* 40 Mo. 69; *Musser v. Johnson,* 42 Mo. 74. If the appellants are not liable as partners, they are certainly liable, by virtue of the act of their agent, Thaw, in executing this note in the name of the lodge by their direction. *Ridgely v. Dobson,* 3 Watts & Serg. 118; *Delauney v. Strickland,* 2 Stark. (N. P.) 416.

SHERWOOD, C. J.—I. If there was any discrepancy between the note declared on, and that offered in evi-
1. VARIANCE.   dence, and defendants were misled thereby, they should have taken advantage of such variance in the manner pointed out by the statute. 2 Wag. Stat., 1033, § 1; *Turner v. Chillicothe, etc. R. R. Co.*, 51 Mo. 501.

II. The giving of the note in suit, as shown by the testimony, was ratified by all of the defendants. Thaw's testimony shows this, and the court of appeals did not err in so stating the matter in its opinion. The testimony of Thaw as to the presence of the defendant Ryder at the meeting when the ratification occurred, was that he thought Ryder was there; this was tantamount to saying, that according to the best impression and recollection of witness, Ryder was present. This was certainly sufficient to go to the jury as evidence of Ryder's presence.

III. If the act of Thaw met with ratification and adoption at the hands of defendants, this was equivalent
2. RATIFICATION OF   to prior authorization, and needed no new
ACTS OF AGENT.   consideration to support it. *First National Bank, etc., v. Gay*, 63 Mo. 33; and the case is to be regarded in the same light, as if authority had been originally conferred.

IV. Taking it thus that the act of Thaw in respect of the new note was ratified by defendants, they are to be treated as original promisors; as undisclosed principals ; as much bound by Thaw's act as if their own fingers had guided the pen, and their own signatures appeared on the paper. For if the agent possesses the requisite authority to make an unsealed instrument, and makes it in his own name, whether he discloses his agency or not, or his principal or not, either agent or principal may sue or be sued on the contract, unless there be a clear manifestation that both parties intended that the agent is to be exclusively liable, and the principal is not to be resorted to in any event; and parol evidence is admissible to establish such

intention, as this evidence does not contradict that which is written, but only serves to show that others than those mentioned on the face of the paper, are bound also, since the act of the agent is that of his principal; the liability of the latter depending on the act done, and not merely on the form in which such act finds expression. Story on Agency, §§ 160, 270, and case cited.

V. The instructions given on the part of the plaintiff and defendants respectively, presented the law of the case with substantial clearness; and we discover no such error in this regard or in any other point assigned by defendants as materially affects the merits of the action or warrants us in awarding a reversal. The judgment, is therefore, affirmed. NAPTON, J., absent. The other judges concur.