Franklin Ave. German Savings Inst. v. Board of Education of the Town of Roscoe.

THE FRANKLIN AVENUE GERMAN SAVINGS INSTITUTION. *Appellant*, v. THE BOARD OF EDUCATION OF THE TOWN OF ROSCOE.

1. **De Facto Board of Education :** LIABILITY ON SCHOOL BONDS. A board of education which has long acted and been recognized as a legal body, cannot avoid liability on bonds issued on behalf of its school district, by showing that the district was not legally organized.

2. **Parol Evidence to Explain Ambiguous Instrument.** Where a bond appearing on its face to be the obligation of a corporation leaves it doubtful what corporation is intended, parol evidence will be received to explain the ambiguity.

3. **Corporation:** ULTRA VIRES. The obligor in a bond in the hands of a corporation, will not be allowed to show, for the purpose of defeating recovery on the bond, that the corporation has no power to hold or sue upon it. The State alone is the proper party to institute such an inquiry.

4. **School Bonds :** STATUTORY LIMIT ON SELLING PRICE. A board of education sold its bonds at ninety cents on the dollar, the purchaser charging and retaining out of the proceeds one per cent as a commission on the sale. A statute prohibited the bonds being sold at less than ninety cents on the dollar. *Held*, that this transaction was no violation of the statute.

*Appeal from St. Clair Circuit Court.*—HON. J. D. PARKINSON, Judge.

REVERSED.

The plaintiff was a corporation organized under chapter 68, General Statutes 1865, "Of Savings Banks and Fund Companies." This action was brought against the Board of Education of the Town of Roscoe on several bonds and coupons. The bonds were in the following form :

It is hereby certified that the Special School District of the Town of Roscoe, county of St. Clair and State of Missouri, is indebted to ——— or bearer, in the sum of $500, payable     *     *     . This bond is issued under

and by virtue of an act of the legislature of Missouri, entitled "An act to authorize cities, towns and villages to organize for schools, with special privileges," and approved March 21st, 1870.

[SEAL.]                    JAS. ISAMINGER, President.

HENRY S. SWAN, Secretary.

At the trial it appeared in evidence that no election was ever held in the district for the adoption of the school law; but that in 1870, prior to the issue of the bonds, a board of directors was elected and qualified, and their successors had been regularly elected and had acted as directors of the special district of the town of Roscoe, by filing estimates, receiving and paying money from taxes assessed and apportionment of public funds and estimates annually returned by defendant, and had been generally recognized as the board of education of the independent school district of Roscoe; that the county officers had recognized defendant as a special school district from the election of the board of education to the institution of this suit; that one Gardner sold the bonds in question to plaintiff, and defendant received for said bonds eighty-nine cents on the dollar; that plaintiff agreed to pay ninety cents on the dollar, but deducted a commission of one cent on the dollar for buying the same; that the school in the district was generally patronized by the residents of the district, and that levies were regularly made for the payment of interest accruing on the bonds; that said interest was collected by defendant and paid over to plaintiff up to the time the last interest coupons fell due on said bonds, and that said coupons, representing the interest so levied, collected and paid, were received by defendant in settlement with the treasurer.

The plaintiff also offered in evidence copies of orders drawn by defendant in the usual way, by the proper officer of an independent district, on the proper officer, directing the payment of money for teachers' wages; also of estimates of money needed for all proper purposes of such

district, including the payment of interest on these bonds, and enumerations of tax-payers in the district, showing that in those matters defendant acted as an independent district ever since before the issue of the bonds; also reports and returns of elections, showing that during all that time said defendant district had held regular elections for directors as an independent district, and made returns of the same, which were duly recognized and canvassed by the county clerk and two justices of the peace, and certified, and the organization thus kept up; that the existence of defendant as such independent district was all that time recognized by the county clerk, collector, treasurer and all county officers; that their estimates for taxes were duly entered on the tax-books, and taxes duly collected by the collector and paid over to the treasurer of defendant, on his receipt; that the public money from interest on State and county fund, was duly apportioned to defendant all that time, as an independent district, and paid to it on the receipt of its treasurer; that in all things, defendant, ever since 1870, had acted as an independent district under the act aforesaid, and called itself such, and was so recognized by all officers and parties, and was, when suit was brought and tried, acting under the same organization, and no other that existed prior to the issue of the bonds; that the signatures of those who signed the bonds were the proper signatures of those who were acting as president and secretary of defendant then, and that defendant then had a corporate seal which was placed and impressed on the bonds; that the treasurer of defendant duly and at proper times made settlement of accounts with the county clerk, exhibiting his vouchers and filing them, including coupons from these bonds. This evidence was excluded

Among other instructions given by the court was the following for the defendant:

Plaintiff has no legal capacity under the evidence and its act of incorporation, to recover judgment on the bonds and coupons sued on in this cause.

*Smith & Shirk* for appellant.

*Johnson & Lucas* for respondent.

### I.

SHERWOOD, C. J.—It is quite immaterial, so far as the present action is concerned, what irregularities may have characterized the organization of " the Special School District for the Town of Roscoe." In 1870, prior to the issuance of the bonds in suit, a board of directors was elected, qualified and entered upon the discharge of their duties, and since that time their successors have been regularly elected and acted in that official capacity, and been gener-- ally recognized as the " Board of Education of the Independent School District of the Town of Roscoe;" and the county court have so recognized them. This being true, such board must be regarded as one *de facto*, whose right to act none but the State is competent to question.

### II.

No difficulty is experienced as to the liability of the defendant board on the bonds in suit, so far at least as concerns the form in which those bonds are signed. No principle is more firmly established than that the acts of officers and agents, as respects commercial paper and the like, do not derive their validity from professing on their face to have been done in the exercise of delegated authority. The books abound with instances affirmative of this position; ( *Washington Mutual Fire Ins. Co. v. St. Mary's Seminary*, 52 Mo. 480, and cases cited ; *Ferris v. Thaw*, 72. Mo. 446, and cases cited ;) the liability of the principal in such cases, depending on the act done and not on the form in which such act finds expression. By section 12 of the law to which the writings obligatory make reference, the board of education was empowered to issue bonds, and if there was any ambiguity as to who was intended to be bound, parol evidence, such as was offered in the court.

below, was competent to supply any lack in this particular. See above authorities. And if there was any difference between the instrument declared on and that offered in evidence, advantage should have been taken of the variance as the law provides     *Ferris v. Thaw, supra.*

### III.

The court below seems to have thought, as appears by the first instruction given on the part of the defendant, that plaintiff did not possess the legal capacity to purchase and maintain suit upon the bonds. On this point it is enough to say that the State alone is the proper party to institute such an inquiry. *Thornton v. National Exchange Bank,* 71 Mo. 221, and cases cited.

### IV.

Section 12 of the act under which the bonds in suit were issued, prohibits such bonds from being " Sold or disposed of at less than ninety cents on the dollar." We need not, however, discuss this prohibitory feature of the act, for the reason that there has been no violation thereof, because the bonds were not sold for less than the specified sum. It is true that plaintiff deducted one per cent for selling the same. This was not allowable; the plaintiff could not fill the double capacity of both buyer and seller. But certainly an illegal demand for a commission which was not earned, and, therefore, should not have been charged and deducted, cannot be permitted to avoid and render null a legitimate transfer of these bonds. For these reasons judgment reversed and cause remanded. All concur.