## Frances J. Dobyns, Respondent, v. Meredith Rice et al., Appellants.

### Kansas City Court of Appeals, May 24, 1886.

1. **Deeds—Consideration Clause.**—It is settled law in this state, that it is competent to explain or contradict the consideration clause in a deed; such clause possessing only the force and character of a receipt. So it is competent to show another and a different consideration, or to show that an agreement made for a payment in money had been discharged in whole or in part another way. Nor can such proof be held to be inadmissible as contradicting the covenant in a deed against incumbrances.

2. **Statute of Frauds—Agreement to Pay Debt of Another, and Also One's Own Debt.**—Where one undertakes to pay the debt of another, and by the same act also pays his own debt, which was the motive of the promise, the undertaking is not within the statute of frauds, and need not be in writing.

3. **Action—Laches—Bar Because of.**—Where delay in the institution of a suit worked no harm to the party complaining, it will not bar the action. The mere lapse of time, less than the statutory period, does not bar an action at law, or in equity, in this state.

4. **Declaration of Trust—Case Adjudged.**—Where, in the case of a sale of land, in which there was an incumbrance of a deed of trust, there was an agreement at the time of sale that the amount of said incumbrance should be paid out of the proceeds of the notes given in consideration of said sale and purchase, and it was subsequently agreed between the vendor and vendee, that the land should be sold under the deed of trust to benefit vendee's title, and it should be bid in for his use and benefit; and it was so sold and bid in, and conveyance was made by the trustee to the brother of the vendee, having full notice and knowledge of the facts, *Held*, that, as between the vendor and the brother of vendee, *there was no trust*. That, by the payment of the trust debt for the vendee, the lien of

the deed of trust was extinguished ; but, *as to the vendor*, the vendee owed the trust debt and was bound to pay it as part of the purchase money. *Held, further*, that the brother of the vendee acquired no greater rights against the vendor than the vendee would have acquired.

APPEAL from Johnson Circuit Court, HON. NOAH M. GIVAN, Judge.

*Affirmed.*

Statement of case by the court.

This is a bill in equity asking for a personal judgment against defendant Meredith Rice for the unpaid balance of the purchase money for a certain tract of land, and for the enforcement of a vendor's lien for the amount, so found, against the said land.

The facts in this case will fully appear from the following decree, rendered by the trial court herein:

"Now, again comes the parties hereto, and this cause having been submitted to the court for trial and final hearing, and the court having heard the pleadings and proofs, and the arguments of counsel, and being fully advised in the premises, doth find the issues for the plaintiff, and the court finds that the defendant, Meredith Rice, made and executed the notes described in and filed with the petition to J. R. Kelley, as attorney in fact for plaintiff, and that Kelley transferred the same to plaintiff by an endorsement thereon as alleged in the petition.

"That the consideration of said note was, and is, the balance of the purchase money on the following described real estate, situate in Johnson county, Missouri (real estate as heretofore described), sold and conveyed by deed in fee by plaintiff to said Meredith Rice, on the ninth day of June, 1871.

"That said land at the time of said conveyance was subject to the incumbrance of the deed of trust as alleged in the petition, and it was the agreement and under-

standing at the time of said sale, as a part of the consideration thereof between the plaintiff and said Meredith Rice, that the amount of said incumbrance should be paid out of the proceeds of said notes.

"That it was afterwards agreed between the plaintiff and said Meredith Rice that the trustee in said deed of trust should advertise and sell said land under said deed of trust to benefit said Meredith's title to said land, and the same should be bid in for his use and benefit.

"That, accordingly, on the twelfth day of March, 1872, the same was so sold and bid in by the attorney and agent of the plaintiff, at, and for, the sum of three hundred and fifty-nine dollars, the amount of said trust debt and sale.

"That, at the instance, and on behalf of said Meredith Rice, the deed to said land, under said trustee's sale, was made to the defendant, Samuel Rice, who furnished for his brother a part of the purchase money, and one Craig furnished the balance thereof, which money was paid over to said trustee about the first day of April, 1872.

"That Samuel Rice took, and with full notice and knowledge of the facts aforesaid, to hold the said title so acquired by him, to the use and for the benefit of said Meredith Rice, who is his brother, and subject to the equitable lien of plaintiff for the unpaid balance of her said purchase.

"That afterwards, the said Meredith Rice repaid to said Craig the money so advanced, as aforesaid, by him, amounting to about three hundred dollars.

"That the defendant, Samuel Rice, fraudulently conceived the idea, and designing to defraud the plaintiff out of her said debt and vendor's lien, and the said Meredith Rice conniving and assenting thereto for such fraudulent purpose, refused to pay plaintiff her said purchase money, or to adjust and to settle the amount of indebtedness, if any, existing between the said defendants on account of said transaction, and to make a deed by said

Samuel Rice to said Meredith, but fraudulently, as to this plaintiff, assert title as to said Samuel Rice to said land as a *bona fide* purchaser.

"And the court further finds that the defendants are entitled to have deducted from the amount of said notes, owing on the first day of April, 1872, the said sum of three hundred and fifty-nine dollars, as paid as aforesaid, in satisfaction of said deed of trust and costs of sale, leaving the balance due on said debt of $642.20, and that the plaintiff is entitled to a vendor's lien on said land therefor.

"It is, therefore, considered, adjudged and decreed by the court that plaintiff have and recover of the defendant, Meredith Rice, the said sum of $642.20, with ten per cent. interest thereon per annum until paid, and costs of this suit. That her said vendor's lien on said land be enforced. That the equity of redemption therein of the defendants be forever foreclosed, and that said land, or so much thereof as may be necessary, be sold to satisfy said debt. That she have special execution therefor, and general execution over and against the defendant, Meredith Rice, for any balance of her said debt that may remain unsatisfied after selling said land. Judgment for costs."

O. L. HOUTS and S. T. WHITE, for the appellants.

I. The agreements in the sale of the land were fully expressed in writing. Those written obligations of the parties cannot be added to, subtracted from, varied or contradicted by any parol evidence. 1 Greenleaf on Evidence (Redf. Ed.) sect. 275.

II. The plaintiff covenants against incumbrances, and cannot introduce evidence of a contemporaneous agreement varying or contradicting its legal effect. *James v. Shaw*, 67 Mo. 667; *Spring v. Lovitt*, 11 Pick. 417; 2 Parsons on Bills and Notes, 525.

III. A person with a knowledge of an existing incumbrance at the time of purchase is not estopped from

claiming his remedy on his contract for its removal. *Kellogg v. Malin*, 50 Mo. 496; *Williamson v. Hall*, 62 Mo. 405; *Clare v. Graham*, 64 Mo. 249.

IV. There was no declaration of trust in writing, and the deed to the brother of vendee in this case being absolute, any parol agreement for a trust is void, and the agreements alleged in the petition are within the statute of frauds. When parties make their contracts for trusts, they are as much bound by the statute of frauds as if they made an express contract in any other case, and must be bound by their express agreements and the law governing them. *Kelley v. Johnson*, 28 Mo. 249; *Woodford v. Stephens*, 51 Mo. 443; *Green v. Cates*, 73 Mo. 115; *Woodbridge v. Scott*, 69 Mo. 669.

V. In order to establish the fact that a deed, absolute on its face, is a trust, or mortgage, the evidence must be clear and convincing. *Worley v. Dryden*, 57 Mo. 236; *Johnson v. Quarles*, 46 Mo. 423; *Paris v. Haley*, 61 Mo. 460.

VI. There was an abandonment of the rights of plaintiff, if she had any, under the trust deed, and the facts appear in the record. Taken in connection with the *laches* of plaintiff the abandonment is complete. *Wilson v. Gillespie*, 70 Mo. 505; 69 Mo. 224; 59 Mo. 426.

Geo. P. B. Jackson, for the respondent.

I. It is perfectly competent to prove by parol the agreement concerning the deed of trust and the bidding in the property thereunder. Such proof in no manner contradicts the deed, but simply goes to prove what the consideration and modes of payment are. *Landman v. Ingram*, 49 Mo. 212; *Browne v. Browne*, 47 Mo. 130; *Hall v. Morgan*, 79 Mo. 51; Bispham's Equity, sect. 28. When one undertakes to pay the debt of another, and by the same act also pays his own debt, which was the motive of the promise, the undertaking is not within the statute of frauds. *Beshears v. Rowe*, 46 Mo. 509; *Mc-*

Connell v. Brayner, 63 Mo. 461; Orrick v. Durham, 79 Mo. 180.

II. The contract was fully executed on the part of plaintiff. She delivered her deed on the faith of the understanding. In such case, the other party to the contract cannot invoke the statute; it was made to *prevent* wrong and fraud, and can never be employed as the shield and instrument of fraud. *Suggett v. Cason*, 26 Mo. 221; *Self v. Cordell*, 45 Mo. 345; *Walker v. Owens*, 79 Mo. 571.

III. Where a grantee buys in under the mortgage, as the vendee here did in fact do, there is no breach of the general covenant against incumbrances. *Shelton v. Pease*, 10 Mo. 473; *Dickson v. Desire*, 23 Mo. 163; *Walker v. Deaver*, 79 Mo. 675. Even if grantee had not known of the incumbrance, he could only have paid it off and set it up as an off-set, but could not have avoided his contract of purchase. *Edington v. Nix*, 49 Mo. 134.

IV. The vendee having gone in under his contract of purchase, must either pay the purchase money or get out. He cannot hold on to that purchase and enjoy its fruit, while he refuses to pay, even if his vendor had no title at all. Refusing to surrender, and holding on, the law is that he must now pay. *Smith v. Boby*, 15 Mo. 388; *Isler v. Egger*, 17 Mo. 333; *Conner v. Eddy*, 25 Mo. 72; 2 Johns. Ch. 519. Where a vendee enters into possession under his vendor, in order to convert his possession into an adverse one, the change must be open and distinctly made to his vendor; the entry *first* made by him determines the quantity of his possession. *Quin v. Quin*, 27 Wis. 169; *Budd v. Collins*, 69 Mo. 129.

V. The case at bar is an implied trust. Plaintiff is seeking simply to enforce a vendor's lien, which is one of implication, and to recover the balance of purchase money as on a *quantum meruit*. Implied trusts are not within the purview of the statute of frauds. *Peacock v. Nelson*, 50 Mo. 256; *Danschroeder v. Thias*, 51 Mo. 100; *Cloud v. Ivie*, 28 Mo. 578.

VI. The proof of fraud need not be of a direct or positive character. * * * Slight circumstances, apparently trivial and unimportant in themselves, when combined together, often afford irrefragable proof of design, fraud and confederation. *Burger v. Borchert*, 59 Mo. 80; *Hopkins v. Sievert*, 58 Mo. 201.

VII. There is no evidence of abandonment of claim for the purchase money. No word or act of hers is in the record indicating such purpose.

VIII. As to the form of the decree, this court can enter the proper decree, or proceed to affirm the decree of the lower court in so far as it is correct, and reverse it as to the residue. Rev. Stat., sects. 3778, 3779; *Harrison v. Hayes*, 53 Mo. 96.

IX. There was no motion in arrest of judgment.

## I.

HALL, J.—The facts, found by the trial court, in the above decree, are proved by the evidence contained in the record. The direct evidence is not as full and complete as it might be, but the facts and circumstances in proof, in connection with the direct evidence, sustain the court below in its finding of facts. And after a careful examination of all the evidence in this case, we have no sort of doubt as to the correctness of the court's finding. In the further discussion of the case we shall treat the facts found in the decree as the facts of this case.

## II.

It is settled law in this state that it is competent to explain or contradict the consideration clause in a deed, such clause possessing only the force and character of a receipt. *Liebke v. Knapp*, 79 Mo. 27; *Fontaine v. Boatmen's Savings Institution*, 57 Mo. 561; *Hollocher v. Hollocher*, 62 Mo. 267; *Baile v. Insurance Co.*, 73 Mo. 371; *Hall v. Morgan*, 79 Mo. 51.

The objection, therefore, made by the defendants to the action of the trial court in permitting the plaintiff to

prove the agreement made by Meredith Rice, that the amount of the Calhoun incumbrance should be paid out of the proceeds of the notes, for the reason that thereby the terms of the deed were contradicted, is not tenable.

Nor was such proof inadmissible as contradicting the terms of the notes. *Klein v. Keyes et al.*, 17 Mo. 328. This objection would seem to come within the rule enunciated in the above cases. It was said in *Baile v. Insurance Company, supra:* "Again, the consideration of the deed of trust, as expressed on its face, is to secure the note, but the law is well settled in this state that you may, by verbal testimony, explain or contradict the consideration clause in a deed ; such clause only possesses the force and character of a receipt."

And, again, it was said in *Liebke v. Knapp, supra:* "The consideration of the contract evidenced by the letters was not expressed therein, and, had it been, it was doubtless competent to show another and different consideration, or to show that the agreement, though made for a payment in money had been discharged in whole or in part in another way."

Nor can such proof be held to be inadmissible as contradicting the covenant of the deed against incumbrances. *Laudman et al. v. Ingram*, 49 Mo..213.

Nor was the agreement within the statute of frauds, as being the undertaking, on the part of Meredith Rice, to pay the debt of another. By paying the Calhoun incumbrance, Meredith Rice would have paid his own debt. Such an agreement is not within the statute of frauds. *Beshears v. Rowe*, 46 Mo. 503. See, also, *Hale v. Stuart*, 76 Mo. 22, and *Browne v. Browne*, 47 Mo. 130.

## III.

The additional objection to the decree of the circuit court is made that there was no declaration of trust in

the land by Samuel Rice in writing, and that an express trust in land cannot be established by parol evidence.

The land was sold under the Calhoun deed of trust under an agreement between plaintiff and Meredith Rice to benefit in some way, unexplained satisfactorily, Meredith Rice's title to the land, and plaintiff's attorney bid in the land for the amount of the trust debt and costs of sale in pursuance of the agreement. Samuel Rice and one Craig furnished the amount of the bid *for Meredith Rice,* and the trustee's deed was made to Samuel Rice. Meredith Rice afterwards paid to Craig the amount furnished by him. Meredith makes no claim to relief against Samuel Rice. The question is as to what rights, if any, Samuel Rice thus obtained against the plaintiff.

Between plaintiff and Samuel Rice there was no trust. By paying the trust debt for Meredith Rice, Samuel Rice extinguished the lien of the deed of trust; so far as concerns the plaintiff, Meredith Rice owed the trust debt, and he was bound to pay it as part of the purchase money. Had he paid it, the lien of the deed of trust would have been extinguished. The payment of it by Samuel Rice for him, had the same effect. As long as said lien had life, it was prior to plaintiff's vendor's lien. It ceased to have life when the trust debt was paid by Meredith Rice, who owed it, or by any one, for him. Had Meredith Rice paid the amount of the trust debt and costs of sale, and taken the trustee's deed to himself, he would thereby have acquired no rights against the plaintiff. The land would have been still subject to the plaintiff's vendor's lien. And so we hold with reference to Samuel Rice, who paid the said amount for Meredith Rice, and took said deed to himself. He acquired no greater rights against the plaintiff than Meredith Rice would have acquired.

## IV.

The objection of *laches* made by defendants is not

tenable.    The delay in the institution of this suit worked no harm to either of the defendants.    During that delay neither of them changed his position.    The mere lapse of time, less than the statutory period, does not bar an action at law or in equity, in this state.    *Kelly v. Hurt*, 61 Mo. 464; s. c., 74 Mo. 561.

## V.

Objection to the decree is made on the ground that it includes a judgment, *in personam*, against Meredith Rice for any balance that might remain after selling the land.

This objection the defendants are not in a position to make.    They made no motion in arrest.    *Erdbrudgder v. Meyer*, 14 Mo. App. 258; *Finney v. State*, 9 Mo. 642; *Gilstrap v. Felps*, 50 Mo. 432; *Warner v. Morin*, 13 Mo. 455

Philips, P. J., does not sit in this case, having been of counsel.

Upon the third point of this opinion, Ellison, J., and I divided, he entertaining the views herein expressed under that point, and I differing with him.    Hon. John C. Gage was selected by the parties as special judge.

Upon consultation with my brother judges, I have concluded that the judgment of the circuit court should be affirmed, for the reasons herein given, and with the concurrence of all, it is so ordered.