THE ASHENBROEDEL CLUB, Respondent, v. P. J. FINLAY *et al.*, Appellants.

St. Louis Court of Appeals, March 7, 1893.

1. **Failure of Jury to Make Finding on Counterclaim:** NECESSITY OF MOTION IN ARREST OF JUDGMENT. When the jury fails to make a separate finding on a counterclaim of the defendant, the error is one of record, and the right to complain of it must be preserved by a motion in arrest of the judgment.

2. **Corporations:** AUTHORITY TO REPAIR BUILDINGS. A corporation authorized to hold real estate has as a consequence the power to contract for repairs to buildings thereon.

3. ————: AMENDMENT OF STATUTE CONFERRING CORPORATE POWERS. The act of 1887, enabling corporations, formed for benevolent and other purposes under article 10, chapter 21, of the Revised Statutes of 1879, to hold real estate, applies to corporations organized prior to its passage.

4. **Building Contracts:** DISCHARGE OF SURETY. A surety on a bond, given by a contractor for the performance by him of a contract for the erection of a building, will not be discharged from liability by a deviation from the specifications in the erection of the building, made without his consent, but under a provision in the contract to the effect that the architect or superintendent should be at liberty to make deviations from the specifications without invalidating the contract.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*E. J. O'Brien*, for appellants.

(1) No corporation can engage in business other than that expressly authorized in its charter or the law under which it may be organized. Constitution, art. 12, sec. 7; *Bowman Dairy Co. v. Mooney*, 41 Mo. App. 665. (2) Such a contract as this now before the court

cannot be validated by the amendment of 1887 (see Revised Statutes, 1889, sec. 2833), because there is nothing in its charter or the laws of 1879, under which appellant was organized, which permitted it. Constitution, art. 3, sec. 7, *supra*. (3) A general finding for the plaintiff without any special finding upon the defendants' counterclaim is erroneous, and will be so held, if brought to the attention of the trial court by proper motion. *Erdbruegger v. Meier*, 14 Mo. App. 258; *Bacon v. Perry*, 25 Mo. App. 73; *Cattell v. Dispatch Co.*, 88 Mo. 359; 2 Thompson on Trials, sec. 2639. (4) Material alterations in a contract will discharge the surety, if made without his consent. *Gugerty v. Veiths*, 14 Mo. App. 577.

*Frank K. Ryan*, for respondent.

(1) The doctrine of *ultra vires* does not apply to a contract of this kind executed on one side. *Bowman Dairy Co. v. Mooney*, 41 Mo. App. 665. (2) There were no material alterations made in the contract. All the work done was fully provided for therein. Making the foundation for the piers deeper was to remedy a latent defect. *Benjamin v. Hilliard*, 23 How. (U. S.) 149. (3) The objection that there was a general finding for the plaintiff without any special finding upon the defendants' counterclaim can only be made by a motion in arrest. *Erdbruegger v. Meier*, 14 Mo. App. 258.

ROMBAUER, P. J.—The plaintiff is a corporation, organized in 1886 under the provisions of article 10, chapter 21, of the Revised Statutes of 1879. By the act approved March 31, 1887, such corporations are authorized to hold real estate and buildings for assembly purposes. In June, 1888, the plaintiff entered into a contract with the defendant Finlay, by

which the latter agreed in consideration of a certain compensation to rebuild and remodel a building, owned by the plaintiff and used for assembly purposes, according to certain plans and specifications and under the directions of the plaintiff's superintendent. The contract contained the following provision among others: "The architect and superintendent shall be at liberty to make any deviation in the plan, form, construction, detail and execution described by the specifications, without invalidating or rendering void this contract, and, in case of any difference in the expense, an addition to abatement from the contract price shall be made."

Contemporaneously with this contract, and annexed thereto, a bond was executed by Finlay, the contractor, as principal, and the defendants Rinder and Mockler as his sureties, conditioned that Finlay would perform said contract and repay to the plaintiff all sums which it might pay out for labor and material, unpaid by Finlay, as well as pay to the plaintiff all forfeitures incurred by nonperformance of his contract.

The present action is one for the breaches of said bond. The breaches assigned consist of non-completion of the contract, and non-payment for material and labor, and non-payment of forfeitures by Finlay, and damages aggregating $629.40 are claimed. The jury found a verdict for plaintiff for $329.40, and from a judgment entered thereon all the defendants appeal.

The defendants answered separately. Finlay, the principal, claimed that he had performed the contract and that there was due to him from the plaintiff $87.90, which he offered to set off against the amount due to plaintiff (sic). The defendant Rinder filed a general denial, and the defendant Mockler filed an answer containing a general denial, and the affirmative defenses that the contract was *ultra vires* of the plaintiff corpo-

ration, and that it had been materially varied by the plaintiff without the defendant's knowledge and consent.

The jury brought in a general verdict without making a special finding on the set-off of the defendant Finlay. No special finding on a set-off is necessary, as the finding for plaintiff in a certain amount includes a finding on the defendant's set-off one way or the other. Treating, however, this set-off as a counterclaim (which technically speaking it was not), still, since the imperfect finding in such a case is error of record, and it was not taken advantage of by motion in arrest, the question has not been saved for review. *Erdbruegger v. Meier*, 14 Mo. App. 258; *Finney v. State,* 9 Mo. ~~632~~; *Dobyns v. Rice*, 22 Mo. App. 457.

The next error complained of is, that the court refused to declare that the contract sued upon was *ultra vires* of the plaintiff corporation. The contract was made in 1888. The corporation was organized under the Revised Statutes of 1879. The law touching corporations of this character was changed in 1887, so as to enable them to hold real estate and buildings for corporate purposes. That law was in force when the contract was made. The repair of buildings is a mere incident to the power of holding them. The defendants' argument, therefore, involves the absurdity, that the legislature is powerless to change the general corporation laws of the state so as to affect the powers of any existing corporation organized under it, except with the consent of the corporation to be affected. As this argument is wholly untenable, the question of *ultra vires* does not arise in the case at all. Even if the facts were different, however, the defendants would not be in a position to raise the question of *ultra vires*, as the contract has been fully executed by the plaintiff, and there is nothing even in the law of 1879 *prohibiting*

*the contract.    St. Louis Drug Co. v. Robinson*, 10 Mo. App. *588; s. c., 81 Mo. 18; *St. Joseph Fire & M. Ins. Co. v. Hauck*, 71 Mo. 465; *First Nat. Bank v. Gillilan*, 72 Mo. 77; *Franklin, etc., Savings Inst. v. Board of Education*, 75 Mo. 408; *Bowman Dairy Co. v. Mooney*, 41 Mo. App. 665, 671.

The next and last error complained of is, that the court erred in not submitting to the jury the question of a variation of the contract between the principals, resulting in a discharge of the surety Mockler, such variations having taken place without his consent. The evidence on this subject tended to show that some part of the foundations of the building had to be sunk two or three feet deeper than shown in the original plan, owing to the insecure character of the ground encountered. As the contract provides for such alterations, should they become necessary, the deviation from the plan in no way affected the validity of the contract. The sureties' liability depends upon the identity of the contract, and not upon the question whether the alteration was beneficial or not. *Warden v. Ryan*, 37 Mo. App. 466. As the contractor was not required to do any work in this case, except such as was provided for by the terms of the contract, there was no change in the contract available to the surety as a defense.

It results that neither of the assignments of error are tenable and that the judgment must be affirmed. So ordered. All concur.