ADLER *et al.* v. KANSAS CITY, SPRINGFIELD & MEMPHIS RAILROAD COMPANY, *Appellant.*

1.  **Contract:** ASSIGNMENT: NAME: DESCRIPTION.  A contractor, entitled to money under a contract with the Springfield & Memphis Railroad Company, made an assignment of the same by a written notice and statement addressed to "George H. Nettleton, president and manager of K. C., Springfield & Memphis R. R." It appeared that Nettleton was the president of both corporations, and that the Springfield & Memphis Railroad was known by the name of the Kansas City, Springfield & Memphis Railroad, as well as by its own name, and was managed by the same chief officers; *held*, that it was competent for the trial court to apply the assignment to its proper subject matter, by disregarding the letters "K. C.," in the description of Nettleton's office.

2.  ———: LATENT AMBIGUITY. It was competent to remove the latent ambiguity, arising from Nettleton being president of both corporations, by resorting to other evidence on the same subject calculated to explain the intent of the contractor in relation to the assignment.

3.  ———: ASSIGNMENT OF CLAIM. Where a contract provides that payments equal to eighty-five per cent. of the contract value of the work to be done were to be made monthly, and fifteen per cent. of the contract value of the work done each month was to be retained and be paid within ninety days after the entire completion of the work; *held*, that the retained percentage became a separate and distinct demand which could be assigned.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

AFFIRMED.

*Wallace Pratt* and *C. O. Tichenor* for appellant.

(1) It was not competent to show by parol evidence that the claim assigned was one against the Arkansas corporation. This is not a case of latent ambiguity. *Jackson v. Sill,* 11 Johns. 215; *Means v. La Vergne,* 50 Mo. 343; *King v. Fink,* 51 Mo. 209. (2) Defendant's declaration, number three, should not have been given. (3) The contract with the company by its terms cannot be assigned. *Beardslee v. Morgner,* 73 Mo. 22; *Railroad v. Traube,* 59 Mo. 363; *Buck v. Wilson,* 4 Cent. L. J. 643; *Flaherty, v. Taylor,* 35 Mo. 451.

*J. E. McKeighan* and *S. B. Jones* for respondents.

(1) In answer to the first point made by appellant railroad company for a reversal, the respondents rely upon two rules of the law of evidence, which are everywhere conceded to be sound. These rules are: (*a*) Where, upon applying a written instrument to its subject matter, whether person or thing, the description contained in the instrument is true in part, but not true in every particular, so much of the description as is false may be rejected, if sufficient remains to ascertain its application. 1 Greenl. Evid., sec. 301; 2 Whart. Evid., sec. 945; *Winkley v. Kaime,* 32 N. H. 268, 274; *Trustees v. Peaslee,* 15 N. H. 317, 329; *Loomis v. Jackson,* 19 Johns. 448, 451; *Worthington v. Hylyer,* 4 Mass. 196, 205; *Lush v. Druce,* 4 Wend. 313, 319; *Button v. Tract Society,* 23 Vt. 336, 349; *Fitzpatrick v. Fitzpatrick,* 36 Iowa, 674, 682; *Lessee v. Lyons,* 2 Wash. C. C. 475; *Redfield's note to Kurtz v. Hibner,* 10 Am.

L. Reg. [N. S.] 93 ; J. D. Caton's note on same case, 10 Am. L. Reg. [N. S.] 353. (*b*) When there is a latent ambiguity in a written instrument parol evidence is competent to remove it. 1 Greenl. Evid., sec. 297 ; 2 Whart. Evid., secs. 956–57. See generally : *King v. Fink*, 51 Mo. 209 ; *Edwards v. Smith*, 63 Mo. 119 ; *Amonette v. Montague*, 63 Mo. 201 ; *Charles v. Patch*, 87 Mo. 450 ; *Coe v. Ritter*, 86 Mo. 277 ; *Williams v. Bank*, 72 Mo. 292 ; *Campbell v. Johnson*, 44 Mo. 247 ; *Hardy v. Mathews*, 38 Mo. 121 ; *Scott v. Bailey*, 23 Mo. 140. (2) Money due, or to become due on contract, may be assigned ; and there are no cases holding that the fact that a contract is a building or construction contract, or pertains to a public work, prevents the contractor from assigning what is due, or may become due, to him thereunder. *Leahy v. Dugdale*, 27 Mo. 437 ; s. c., 34 Mo. 99. (3) The doctrine that, where a creditor has an entire demand he cannot assign part of it without the consent of the debtor, has no application to this case. Where several claims arise out of the same contract, payable at different times, separate actions may be brought on each liability as it accrues. *Railroad v. Traube*, 59 Mo. 355 ; *Reformed Church v. Brown*, 54 Barb. 191 ; *Beach v. Crain*, 2 N. Y. 86, 96 ; *Kansas City Hotel Co. v. Sigemont*, 53 Mo. 176.

NORTON, C. J.—Plaintiffs for cause of action substantially allege in their petition that the Kansas City, Springfield & Memphis Railroad Company is a corporation created under the laws of Missouri, to build and operate a road from Springfield to a point on the state line in the direction of Memphis, Tennessee ; that the Springfield & Memphis Railroad Company was created under the laws of Arkansas, to build and operate from the last-named point to a point opposite the city of Memphis ; that both of said corporations were organized as a part of the same enterprise, and for the purpose of constructing a continuous line of road between Spring-

field and Memphis, to be under the same management, and while nominally two corporations, they were under the same management, the same persons holding the chief offices in both corporations, keeping the general offices of both together at Kansas City ; that both corporations were organized in 1881, and on the thirty-first of March, 1883, said corporations under the laws of Missouri were consolidated into one corporation under the name of the Kansas City, Springfield & Memphis Railroad Company. It is further alleged that on the fourth of May, 1882, one Henry Boas and the Springfield & Memphis Railroad entered into a written contract, under which said Boas was to do certain work for the construction of several miles of its road, for which monthly payments were to be made to him for work done the preceding month on the certificate of the chief engineer, deducting from each monthly estimate fifteen per cent. to be held by the company as an indemnity for any loss or damage by reason of any failure of said Boas to do the work as provided in the contract; that said fifteen per cent. so retained was to be paid said Boas within ninety days after he had completely performed his contract. It is further alleged that, while said contract was in the name of the Arkansas corporation, it was in fact executed by and in the name of the Missouri corporation ; that all the estimates of work done under it, and payments and vouchers therefor were made in the name of the Missouri corporation ; that, on the thirteenth of March, 1883, said Boas for value, assigned and transferred to the plaintiffs all of his right, title, and interest in and to the percentage retained by said company, which had then, or might thereafter, accrue ; that both of said companies were notified of the said assignment.

It is for the recovery of this retained percentage for which plaintiffs sue, and having obtained judgment in the trial court, defendants have appealed and in order to a proper disposition of the questions arising thereon,

reference will be made to the facts disclosed by the evidence bearing upon them. There is no dispute as to the contract or its terms, nor as to the organization of the respective corporations, nor their consolidation, nor as to the fact that the chief officers were the same in both corporations, nor as to the object of both to construct and operate a continuous line of road from Springfield to Memphis, nor as to the fact that the accounts of the Arkansas corporation were kept in the name of the Missouri road for account of the Arkansas road, nor as to the fact that the engineer's monthly estimates of work done by Boas were not only made out on blanks of the Kansas City, Springfield & Memphis Railroad, but were signed by him as the engineer of that company ; nor can any question be fairly raised from the evidence as to the fact that the Springfield & Memphis Railroad Company was known by the name of the Kansas City, Springfield & Memphis Railroad Company as well as by its own, not only among the officers and employes, but by others not directly connected with either road. The disputed questions grow out of the evidence offered by plaintiffs to establish the transfer to them of Boas' interest in the retained payments, and notice of such transfer. To establish said transfer and notice plaintiffs put the following in evidence :

"St. Louis, March 13, 1883.

"Geo. H. Nettleton, Esq.

"Pres't. and Manager K. C., Springfield & Memphis R. R., Kansas City, Mo.

"Dear Sir : For and in consideration of advances made to me by Messrs. Adler, Goldman & Company, of about ten thousand or more dollars, I hereby transfer to them all right, title and interest to the retained percentage from all my estimates for work under contracts made between us. When final settlement is made and payment becomes due, notify them and oblige.

"Yours truly,

"HENRY BOAS."

"St. Louis, March 13, 1883.
"Mr. Geo. H. Nettleton.
   "Pres't. K. C., S. & M. R. R., Kansas City, Mo.
   "Dear Sir: We herein hand you a copy of an order given by Mr. Henry Boas, and which explains itself. As soon as the retained percentage due Boas is payable, we trust you will promptly advise us, and original order will be sent you. We trust you will let us know that this notice has been duly received and will have attention

   "Very truly,
              "ADLER, GOLDMAN & CO.
              "By MAX STERN."

   "Kansas City, Mo., March 19, 1883.
"Messrs. Adler, Goldman & Co.,
   "108 Main Street, St. Louis, Mo.
   "Gentlemen: I have yours of March 13, inclosing copy of an order given you by Mr. Henry Boas, and the same has been placed on file in the comptroller's office.
   "We have also been notified of the order by Mr. Boas, himself.
       "Yours truly,
              "GEO. H. NETTLETON, President."

   "Powhatan, Arkansas, March 17, 1883.
"George H. Nettleton, Esq.,
   "Gen'l Mangr. and Pres. K. C., S. & M. R. R.
   "Dear Sir: A few days ago I was compelled to assign the fifteen per cent. retained by the company, for the following reasons: As my work is approaching its finish and end, and having had a strong and large force of men, and under the above circumstances having no use of so many men, I am, and was, compelled to discharge most of them, and they want, and were compelled to have, their wages before pay-day ; and having

used all of my available means, and my only chance to realize money was by assigning above per cent. held back by the company, and the same I assigned to Messrs. Adler, Goldman & Company, of St. Louis, as they advanced me amount needed to pay these men off; and you will please accept order should Messrs. Adler, Goldman & Company send order I assigned to them. It is understood with Adler, Goldman & Company that they are not to receive the money of the fifteen per cent. until final settlement is made by the company with me. Trusting you will give this your kind attention, I remain,

"Yours truly,
"HENRY BOAS."

The circuit court, as is shown by the instructions given and refused, tried the case on the theory that, although there was an inaccuracy in the paper executed by Boas, on the thirteenth of March, 1883, in being addressed to Nettleton, president of the Kansas City, Springfield & Memphis Railroad Company, instead of to him as president of the Springfield & Memphis Railroad Company, still, if the subject matter of said paper was understood alike by the parties affected thereby, and the Springfield & Memphis Railroad Company was known by the name of Kansas City, Springfield & Memphis Railroad Company, as well as by its own special name, and was managed by the same chief officers, that then the court should disregard the abbreviation, "K. C.," and treat the paper as properly addressed; and also upon the further theory that the paper, dated the thirteenth of March, 1883, signed by Boas, and addressed to Nettleton, was, when signed and delivered, an assignment to plaintiffs of the percentage retained by defendant under the contract between Boas and the said Springfield & Memphis Railroad Company, and the said company, on receiving notice thereof, could not thereafter rightfully pay over said retained percentage to the said Boas, whether it consented to said assignment or not.

It is insisted by counsel that the theory on which the case was tried is erroneous in this, that it was not competent for the court to apply the assignment to the subject matter by rejecting or disregarding the letters, "K. C.," in the description of Nettleton's office. This objection is sufficiently replied to by section 301, 1 Greenleaf on Evidence, where it is said: "There is another class of cases * * * namely, those in which, upon applying the instrument to its subject matter, it appears that in relation to the subject, whether person or thing, the description is true in part, but not true in every particular. The rule in such cases is derived from the maxim, '*Falsa demonstratio non nocet, cum de corpore constat.*' Here so much of the description as is false is rejected, and the instrument will take effect if a sufficient description *remains to ascertain its application.*" The numerous authorities cited in the brief of counsel are to the same effect as the above. Besides this, Nettleton was the president of both these corporations, and although addressed as the president of the Kansas City, Springfield & Memphis road, inasmuch as the evidence tended to show that the Springfield & Memphis Railroad Company was also known by the name of the Kansas City, Springfield & Memphis Railroad Company, it was competent to remove the latent ambiguity thus arising by resorting to other evidence on the same subject, calculated to explain the intent. *King v. Fink*, 51 Mo. 212; 1 Greenl. Evid., sec. 297.

It is next insisted that the assignment in question is an attempt to divide or transfer to plaintiffs a part only of an entire demand, without the consent of defendant, and that, therefore, the theory adopted by the court in trying the case was erroneous. The principle invoked by counsel, that a part of an entire debt cannot be assigned without the consent of the debtor, is undoubtedly correct, and has received the sanction of this court in the cases cited by counsel, but we are of the opinion that

it has no application to the facts in this case. Under the contract, payments equal to eighty-five per cent. of the contract value of the work to be done by Boas were to become due and payable monthly, and fifteen per cent. of the contract value of the work done in each month was to be retained by the company, and be paid within ninety days after the entire completion of the work. While the contract is entire, there can be no doubt, under the ruling in the case of *Union Railroad and Transportation Co. v. Traube*, 59 Mo. 363, that each monthly payment, as it became due, constituted a separate demand, for the recovery of which an action could be maintained ; and there can be no question as to the fact that within ninety days after the completion of the work, in the event of the non-payment of the retained percentage, that an action would be maintainable for its recovery as a separate and distinct debt or demand. It is this separate demand as an integer which is the subject of the assignment, and hence the rule invoked by counsel has no application.

Having considered and disposed of the questions raised by the appeal affecting the merits of the case, and finding no reversible error in the record, the judgment is hereby affirmed, in which all concur.