W. C. BROUGHTON, Respondent, v. GEO. W. NULL, Appellant.

Kansas City Court of Appeals, January 29, 1894.

1. **Evidence**: WRITTEN: INSTRUMENT: PAROL TESTIMONY. If a written instrument impart a legal obligation, without uncertainty as to the object and intent of the engagement, it is conclusively presumed that the whole engagement is reduced to writing and no parol testimony is admissible to change it.

2. ——: ——: INCOMPLETE WARRANTY. If a written instrument on its face appears to be incomplete, as where a painting contract does not specify what part of the building is to be painted, nor the kind of paint, nor number of coats, parol evidence is admissible to show the entire agreement and even a warranty if there was one.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*Wallace & Chiles* for appellant.

(1) The court erred in not permitting defendant to prove the part of the contract not reduced to writing showing plaintiff's obligations thereunder. The written memorandum offered in evidence is not, and does not purport to be, the entire contract. 1 Greenleaf on Evidence, sec. 282 and 284*a*; Chitty on Cont. [7 Am. Ed. 1848], p. 109; *Rollins v. Claybrook*, 22 Mo. 405; *Moss v. Green*, 41 Mo. 389; *O'Neil v. Crane*, 67 Mo. 250; *Lash v. Parlin*, 78 Mo. 391; *Ellis v. Bray*, 79 Mo. 227; *Norton v. Bohart*, 105 Mo. 615, 633; *Lumber Co. v. Lumber Co.*, 39 Mo. App. 214; *Mitchell v. Railton*, 45 Mo. App. 273; *Harkness v. Briscoe*, 47 Mo. App. 196. Among many outside cases directly in point, we

cite the following: *Routledge v. Worthington Co.*, 119 N. Y. 592; *Tocsi v. Arata*, and *Curtis v. Soltau*, 12 N. Y., Supplement, 285, 287; *Ayer v. Mfg. Co.*, 147 Mass. 46; *Smith v. Coleman*, 46 N. W. Rep. (Wis.) 664. The rule that a written contract should not be altered, varied or impaired by parol evidence, only applies where the writing constitutes the mutual agreement of the parties. *Horwitz v. Ins. Co.*, 40 Mo. 557, at 560; *Pearson v. Carson*, 69 Mo. 550, and the cases generally where a short memorandum is not permitted to be disturbed. (2) Defendant should at least have been permitted to prove what was meant by "paint" in the written memorandum, and that it should not contain coal tar. The use of the word "paint" amounts to a warranty. Greenleaf on Ev., secs. 285, 286 and 288; *Lumber Co v. Warner*, 93 Mo. 374, at 384; *Long v. Long*, 44 Mo. App. 141; *Welsh v. Edmisson*, 46 Mo. App. 282; *Borrekins v. Bevan*, 23 Am. Dec. 85, and note.

*N. M. Houx* and *John S. Blackwell* for respondent.

(1.) The court did not err in refusing to permit the defendant to offer parol evidence contradicting, varying and adding to, the written contract executed by plaintiff and defendant, and offered in evidence by plaintiff. While the contract, as written, may be obnoxious to technical and grammatical criticism, yet such criticism does not destroy its force, effect or completeness as a contract. If the terms and conditions of a contract are to be swept away by a technical or a grammatical error, few contracts could, or would, stand in our courts. (2) There is nothing in, or on the face of, said contract, which, in any manner, goes to show or create the impression that a part only of said contract was reduced to writing. Parsons on Contracts [5 Ed.], bottom page 4, and top pages 5, 6, with reference to note "E."

*Pearson v. Carson*, 69 Mo. 550; *Beck v. Beck*, 43 Mo. 266, specially on pages 279, 280, 281; *O'Neil v. Crain*, 67 Mo. 250; *Stone v. Pennock*, 31 Mo. App. 544; *Lewis v. Ins. Co.*, 61 Mo. 534. (3) The rule as established by both our appellate and supreme courts, by an unbroken line of decisions, is that parol evidence is clearly inadmissible to contradict, alter, vary, add to, or subtract from, a written contract. *Tracy v. Iron Work*, 29 Mo. 342, 350; *Pearson v. Carson, supra*; *Gray v. Gaff*, 8 Mo. App. 329; *Walker v. Engler*, 30 Mo. 130; *Higgins v. Cartwright*, 25 Mo. App. 610; *Smith v. Thomas*, 29 Mo. 307; *Jones v. Shaw*, 67 Mo. 667; *Rodney v. Wilson*, 67 Mo. 123; *Helmrick v. Gehrke*, 56 Mo. 79; *Chrisman v. Hodges*, 75 Mo. 413; *James T. Hair Co. v. Wamsley*, 32 Mo. App. 115; *Miller v. Dunlap*, 22 Mo. App. 97; 1 Greenleaf on Ev., sec. 275, p. 312; Redfield, second.

SMITH, P. J.—This was a suit brought before a justice of the peace by plaintiff to recover of defendant the contract price for painting the roof of a house, barn and shed of the later. Defendant interposed a counterclaim.

At a trial in the circuit court where the plaintiff had judgment, from which defendant appealed, the plaintiff, to maintain the issue in his behalf, was permitted to introduce in evidence the following writing:

"I, W. C. Broughton, having agreed to paint G. Null's house and barn and sheds for which George Null agrees to pay W. C. Broughton the sum of $1.50 per square.

"[Signed]          GEO. W. NULL.

"Sept. 10, 1890."

The plaintiff then introduced evidence tending to show that he had painted the roofs of the house, barn and shed of the defendant but not the house, barn and

shed in their entirety as stipulated in the mem-orandum.

The defendant offered to prove, by parol evidence, as a part of the contract, that the plaintiff came to the defendant and offered to paint the roofs of the house, barn and shed of the latter with a paint that would not contain in its ingredients any coal tar; that he, plaintiff, would warrant the paint to endure on these roofs and be water proof and that they would last for ten years and preserve the roofs from decay, and that he need not pay for the work until he had ample time to ascertain that the paint did not contain coal tar and that the work otherwise complied with such representations and warranty; that the defendant agreed to these terms, and plaintiff took out a memorandum book from his pocket and wrote on it the words which is the purported contract offered in evidence, and asked defendant to sign it as an evidence of what he was to pay for the work; that with this agreement and understanding he then and there signed the paper offered in evidence, and handed it to the plaintiff. The offer of the defendant was by the court rejected and this action of the court constitutes the defendant's chief ground of complaint.

Written instruments executed by the parties themselves are in their very nature most trustworthy evidence of what they have transacted. It is their own testimony that they have furnished against themselves, and, of course, it can not be said of it, as of a witness, that it misrepresents, either through ignorance, negligence, or design, and being permanent and not subject of decay like the memory of a living witness, it continues to be a faithful memorial of the transaction, no matter what length of time may since have intervened. So the rule is now well settled in this state that if the instrument import a legal obliga-

tion, without uncertainty as to the object and extent of the engagement, it is conclusively presumed that the whole engagement of the parties was reduced to writing and no contemporaneous parol evidence is admissible to change the contract, by altering or expunging any of its provisions, or by adding new ones to it.

But this rule does not apply where the writing on its face appears to be incomplete or merely a one-sided expression of the terms of the agreement. *Rollins v. Claybrook*, 32 Mo. 405; *Moss v. Green*, 41 Mo. 389; *Ellis v. Bray*, 79 Mo. 226; *Brown v. Brown*, 90 Mo. 184; *Tracy v. Iron Works*, 104 Mo. 193; *Rucker v. Harrington*, 52 Mo. App. 481.

In cases coming within this exception parol evidence is admissible to explain and supply the omissions. *Norton v. Bohart*, 105 Mo. 615.

It is not to be disputed that the writing here is imperfect, and does not contain a full expression of all the engagements of the parties thereto. This becomes more apparent from the fact that it is conceded by the plaintiff himself, that it was the agreement that he only bound himself to paint the roofs of the buildings it describes, instead of the buildings themselves in their entirety. The plaintiff was compelled at the outset to resort to parol evidence in order to make out a *prima facie* case. Without this he could not show compliance on his part with the contract. But further scrutiny of the writing will show that it was imperfect in not indicating the kind or quality of the paint nor the number of coats thereof to be used.

These omissions appearing upon the face of the writing, are sufficient to satisfy us that the entire agreement of the parties in respect to the subject-matter is not to be found contained in its provisions, and therefore, under the exception which we have

stated, parol evidence was admissible to show the entire agreement that was entered into. No reason is perceived why, if there was a warranty, it may not be shown by parol. It follows that the action of the trial court in rejecting the defendant's offer of parol proof was erroneous.

As the judgment must be reversed and the cause remanded for the error already stated, we may remark that if there be another trial the instructions should be recast and made to conform to all the evidence adduced, including the parol evidence, if again offered, which we have declared admissible. The repugnancy of the instructions as they stand will then appear more glaring than even now. This objection will then, no doubt, be obviated without further suggestion from us.

The judgment of the circuit court will be reversed and cause remanded. All concur.