E. S. ARNOLDIA, Appellant, v. JAMES H. CHILDS, Respondent.

### Kansas City Court of Appeals, May 3, 1897.

**Evidence:** PAROL: WRITTEN CONTRACT: AMBIGUITY. Circumstances originally attending the making of a contract may be shown by testimony to aid the court to get at the meaning of the parties which is not clearly expressed on the face of the writing; and where the grantee in a deed assumed to pay $4,700 with the interest due thereon, parol evidence may show that a mortgage in addition to the said note was for the interest on such amount.

*Appeal from the Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Moore & Vaughan* and *Claude Harwick* for appellant.

By the deed read in evidence Arnoldia assumed and agreed to pay an incumbrance on the land therein described of $4,700 as the same became due "together

with the interest due thereon." It has been conceded by the parties to the action that the incumbrance mentioned in the deed was made up of the deed of trust securing $3,500, the deed of trust securing $1,200; the first on its face bears interest at five and one half per cent per annum; the second seven per cent, both payable semiannually; the amount therefore assumed, principal and interest, was as definitely fixed as if written out in full, and parol evidence was not admissible to show that another incumbrance was intended to be assumed as interest by the language employed. The court should have given instruction number 4 asked by the plaintiff. *Jackson v. R. R.*, 54 Mo. App. 636; *State ex rel. v. Hoshaw*, 98 Mo. 358; *Purinton v. R'y*, 46 Ill. 297; *Baker v. Higgins*, 21 N. Y. 397; *Brandon v. Morse*, 48 Vt. 322; *Long v. R. R.*, 50 N. Y. 76; *Angomar v. Wilson*, 12 La. An. 857; *Wood v. Commissioners*, 122 Mass. 394.

*Jas. M. Sandusky* and *Jas. W. Coburn* for respondent.

(1) The assumption clause in the warranty deed refers to "an incumbrance." Appellant introduces two of them in evidence to make up the $4,700. Why can not respondent introduce a third in reference to the interest? (2) Viewing this case as being one of simple contract, and the law bearing upon it, which forbids that parol evidence shall be introduced to vary or contradict it, the evidence introduced by respondent was not to vary or contradict it, but to supply an omitted portion of the agreement. The assumption clause referred to some incumbrance of $4,700, without giving dates or parties to it; and the rate of the interest was not specified. It did not, on its face, purport to state the whole of the contract. It was competent to

show, by parol evidence, these omitted portions. *Norton v. Bohart*, 105 Mo. 615; *Ringer v. Holtzclaw*, 112 Mo. 519; *Miller v. Goodrich*, 53 Mo. App. 430; *Broughton v. Null*, 56 Mo. App. 231. (3) The assumption clause is doubtful as to what incumbrances it referred to, uncertain as to the interest, and generally unprecise. "When the meaning of a contract is doubtful, resort may be had to the circumstances under which it was given to ascertain the same." *Bldg. Ass'n v. Kleinhoffer*, 40 Mo. App. 395; *Lumber Co. v. Warner*, 93 Mo. 374; *Crawford v. Elliott*, 78 Mo. 497; *Dobbins v. Edmonds*, 18 Mo. App. 307; *Deutmann v. Kilpatrick*, 46 Mo. App. 624; *Fontaine v. Savings Inst.*, 57 Mo. 561; *Hollocher v. Hollocher*, 62 Mo. 267; *Landman v. Ingram*, 49 Mo. 212; *Edwards v. Smith*, 63 Mo. 119; *McFadden v. R. R.*, 92 Mo. 351; *Sigler v. Booze*, 65 Mo. App. 555. (4) The rule that where parties have put their contracts in writing, in the absence of fraud, accident, or mistake, it is presumed the whole engagement was reduced to writing, does not obtain where the written contract does not purport to be a complete expression of the agreement or where only a part of the contract was so reduced to writing. *State ex rel. v. Yeoman*, 98 Mo. 358; *Life Ass'n v. Cravens*, 60 Mo. 389; *O'Neil v. Crain*, 67 Mo. 250; *Lash v. Parlin*, 78 Mo. 392.

GILL, J.—This is a suit on the covenant against incumbrances contained in a warranty deed executed by the defendant to the plaintiff, conveying certain lands in Platte county, Missouri. The deed stated on its face that it was made "subject to an incumbrance of four thousand, seven hundred dollars ($4,700), which grantee hereby assumes and agrees to pay, as the same becomes due, together with the interest due thereon." The proof showed that at

STATEMENT.

the date of the conveyance there were three mortgages or deeds of trust on the property—one for $3,500, one for $1,200, and one for $437.50. The first and third of these were made on the same day and to the same party; the first purported to secure a debt of $3,500, due in five years and bearing interest from date at the rate of five and one half per cent, the last in the sum of $437.50 was payable in two years from date with no interest until after maturity, while the second, or one for $1,200, was to another party and bore seven per cent interest from its date.

The matter of controversy between the parties relates to the mortgage of $437.50, which plaintiff alleges and claims was an incumbrance just that amount in excess of what he agreed to pay by the assumption clause in his deed, and which he was subsequently compelled to satisfy. It will be seen that the $3,500 and $1,200 mortgages aggregate $4,700, the amount of principal assumed in plaintiff's deed. But the contention of the defendant was at the trial, and is now, that the incumbrance of $437.50 was part of the interest to become due on the $3,500, and he introduced evidence tending to prove this fact—that he borrowed from the mortgagee or payee named in these two deeds of trust the sum of $3,500 for the period of five years at the rate of eight per cent per annum, and that for the accommodation of the lender he (the defendant) executed two separate obligations, one for $3,500, carrying five and one half per cent and one for $437.50, due two years after date, and that this last was the other two and one half per cent interest on the loan. Defendant's evidence also tended to prove that this was all explained to the plaintiff at and before the deed was made, and that it was at the time understood that the assumption by plaintiff was to cover said mortgage debt of $437.50—that it was part of the interest on the

$3,500 loan, which by the terms of the assumption clause plaintiff agreed to pay.

Plaintiff introduced testimony tending to disprove this claim of the defendant, but the jury gave credit to the defendant's evidence, adopted this theory, and returned a verdict for defendant, and from a judgment in accordance therewith plaintiff appealed.

From the foregoing statement it will be observed that the substantial issue between these litigants is, whether or not the mortgage debt of $437.50 was part of the incumbrance which plaintiff assumed by the deed which defendant made to him. By accepting defendant's deed plaintiff assumed and agreed to pay an incumbrance to the extent of $4,700, as also *the interest thereon*. At the trial the court, over plaintiff's objection, permitted the defendant to introduce parol evidence to prove the nature and character of the mortgage for $437.50, that it was part of the interest on the $3,500 loan and nothing more, that plaintiff so understood it at the time, and that it came within the terms of the assumption clause. This ruling, admitting said oral testimony, is practically the sole matter for review on this appeal.

We think it clear that the trial court did not err in this matter. While it is true that parties will not be allowed by oral evidence to vary or contradict the terms of their written contracts, yet it is equally well settled that they may, by subsequent parol testimony, show the circumstances origi-nally attending the making of a contract, so as to aid the court or jury in getting at the meaning of the parties which, on the face of the writing, is not clearly expressed. If the contract was not precise in its terms, oral evidence may be used to prove the facts and circumstances at the time attending its execution so that the court or jury, being placed in the situa-

EVIDENCE: parol: written contract: ambiguity.

tion of the parties, may understand their meaning. 1 Greenl. on Ev., secs. 286, 287, 288; *Deutmann v. Kilpatrick*, 46 Mo. App. 624; *Broughton v. Null,* 56 Mo. App. 231.

It is entirely proper by this means to fix the subject-matter and thereby satisfy the vague and general terms used in the writing. This was all that was done by the introduction of the parol evidence in question. The plaintiff, by the written terms incorporated in the deed, undertook to pay mortgages on the property to the extent of $4,700 of principal and all the interest thereon. In order to understand the full limit of this obligation, thus expressed in general terms, it was proper that the triers of the fact should be informed what mortgages then existed, which of these were given for the principal debt or debts, and which for interest thereon accruing.

As to the instructions, the court gave all that was necessary to a proper guidance of the jury, and hence there is nothing under that head to complain of. The judgment must be affirmed. All concur.