W. J. KENEFICK, Respondent, v. MISSOURI BRASS TYPE FOUNDRY COMPANY, Appellant.

St. Louis Court of Appeals, November 23, 1897.

Contract, Written: ADMISSIBILITY OF ORAL TESTIMONY TO CHANGE: PRESUMPTION. Where a contract, as written, is not uncertain in its terms or objects, and nothing is left to conjecture, or where it is not a mere memorandum purporting to leave something open to inquiry, the conclusive presumption of law is that the entire contract is reduced to writing, and oral testimony is inadmissible to contradict or change it.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

AFFIRMED.

*John J. O' Connor* for appellant.

When a contract is ambiguous, or when it is drawn with the understanding between the parties that it shall conform to or be limited by an existing custom or condition of business between the parties, parol evidence is admissible to explain, or show the real extent of the contract, and the court erred in excluding such evidence. *Norton v. Bohard*, 105 Mo. 615; *Broughton v. Null*, 56 Mo. App. 231; *Rollins v. Claybrook*, 22 Mo. 389; *Moss v. Green*, 41 *Id.* 389; *Brown v. Bowen*, 90 *Id.* 184; *Ellis v. Harrison*, 104 *Id.* 270; *Plumb v. Cooper*, 121 *Id.* 676; *Welsh v. Edmisson*, 46 Mo. App. 282; *Long v. Long*, 44 *Id.* 141; *Ginnuth v. Blankenship & Blake Co.*, 28 S. W. Rep. (Tex. App.) 828. See, also, *Bunce v. Beck*, 43 Mo. 280; 1 Greenl. Ev., sec. 284a.

One party can not proceed to carry out a contract in accordance with the views of the other party respecting the contract, and thereafter insist that it meant a different thing, or was susceptible of a construction more advantageous to himself. *Evans v. McConnell*, N. W. Rep. (Iowa) 570; Am. Dig. 1895, p. 870.

The answer of the witness, Kenefick, on page 38 of the record was not responsive to the question, but an argument, and defendant's motion to strike it out should have been sustained. *Ritter v. Bank*, 87 Mo. 574.

*Frank A. C. MacManus* for respondent.

The corporate action of the board of directors of defendant company, as represented by the resolutions passed unanimously, contained all the necessary elements of a contract, no question of fraud being raised. *Rose v. Carbonating Co.*, 60 Mo. App. 32; *Ward v. Davidson*, 89 Mo. 454; *Besch v. Carriage Mfg. Co.*, 36 Mo. App. 333; *Bennett v. Car Roofing Co.*, 19 Id. 351; *Cheney v. R. R.*, 68 Ill. 570; *R. R. v. Sage*, 65 Id. 32. See, also, *Kilpatrick v. Ferry Co.*, 49 Pa. St. 121.

The contract having been made by corporate action and reduced to writing, by being placed upon the minute book of the corporation, oral testimony is inadmissible to vary it. *Lumber Co. v. Warner*, 93 Mo. 374; *Johnson Co. v. Wood*, 84 Id. 489; *Miller v. Dunlap*, 22 Mo. App. 97; *Jones v. Shepley*, 90 Mo. 307; *Reed v. Nicholson*, 37 Mo. App. 646; *Koebring v. Muenninghoff*, 61 Mo. 403; *Murdoch v. Ganahl*, 47 Id. 135.

Parol evidence is never admissible for the purpose of discharging the parties to a written contract. *Inge v. Hance*, 29 Mo. 399; *Cuthbert v. Bowie*, 10 Ala. 163;

*Thompson v. Davenport*, 2 Smith's Lead. Cas. 371; *James v. Clough*, 25 Mo. App. 147, 154. See, also, *Miller v. Dunlap*, *supra; Pfeiffer v. Brake Co.*, 44 Mo. App. 68.

Where a party, who is employed as an agent on commission, negotiates a sale, and the contract is not completed through the fault of the employer, the agent is entitled to his commission. *Carpenter v. Rynders*, 52 Mo. 278; *Love v. Owens*, 31 Mo. App. 501; *Harwood v. Deimer*, 41 *Id.* 48.

BLAND, P. J.—Suit was begun before a justice of the peace in city of St. Louis on the following account:

"ST. LOUIS, July 3rd, 1896.
"Mo. Brass Type Fdy. Co., 1611 So. Jefferson Ave., to W. J. Kenefick, Dr.

"To commissions on sales, 2 paging chains, $90 each, $180, at 20 per cent.................... .... ......$ 36 00
"To commission on sales, brass type, &c., Jan. 13, 1896, to July 2d inclusive, $1,312.47, at 35 per cent...... 459 36
_____
$495 36."

Plaintiff recovered judgment in the justice's court, from which defendant appealed to the circuit court, where plaintiff again recovered judgment, from which the defendant duly appealed to this court.

The appellant is a manufacturer of brass type. Prior to January 13, 1896, the respondent was a stockholder in the appellant corporation, and was its traveling salesman at a compensation of thirty per cent on sales made by him. He was also the secretary of the corporation, but received no pay or salary as such. On the thirteenth of January, 1896, at a meeting of the board of directors of the appellant, the respondent was appointed the manager of its sales department, by the following resolution: "On motion

WRITTEN contract: admissibility of oral testimony to change: presumption.

of Mr. G. A. Menuel, duly seconded by Mr. Hasfurther, Mr. W. J. Kenefick was appointed manager of sales department with power to employ such salesmen as he deemed necessary for the interest of the business." His compensation as such manager was fixed by the following additional resolution: "On motion moved and seconded by same parties, Mr. Kenefick's remuneration for such services was fixed at thirty-five per cent net or forty-five per cent gross on sales." On the sixteenth of the same month at another meeting of the board of directors the minutes of the meeting of January 13 (containing the foregoing resolutions) were read and approved. The respondent was discharged from the service of the corporation on July 2, 1896. It was admitted on the trial that between the dates of January 13 and July 2, 1896, type of appellant had been sold amounting to $1,312.47, for which no commission had been paid to the respondent, appellant claiming that these sales had not been made by him, but were made to fill orders sent in by regular customers and by local dealers in various cities acting as local agents of the appellant, not employed by respondent and in nowise connected with him, and offered evidence tending to prove this fact. The trial judge excluded a part of this testimony on objections made by respondent, to which ruling appellant's counsel duly excepted. Evidence was also offered by appellant to prove that respondent's employment was discussed at the meeting of the board of directors on January 13 between the board of directors and the respondent, and that it was distinctly stated and understood that respondent should receive commissions only on sales made by him or under salesmen whom he might employ. This evidence was excluded and exceptions saved. Appellant's contention is that the court erred in excluding this proffered testimony;

that the resolution is ambiguous, and does not express all of the contract, and that oral testimony should have been admitted to explain the ambiguity and to show all of the contract. A contract that is so uncertain in its terms as to leave its meaning open to conjecture, may be explained by oral testimony. Or, where a memorandum of a contract does not purport to be a complete expression of the entire contract, oral evidence is admissible to supply that which has been omitted. *Norton v. Bohart*, 105 Mo. 615; *Ellis v. Harrison*, 104 Mo. 270; *Black River Lumber Co. v. Warner*, 93 Mo. 384. But if the contract as written is not uncertain in its terms or its objects and nothing is left to conjecture, or where it is not a mere memorandum purporting to leave something open to inquiry, the law conclusively presumes that the whole engagement is reduced to writing, and oral testimony is inadmissible to change it. *Broughton v. Null*, 56 Mo. App. 231; *Johnson County v. Wood*, 84 Mo. 489. This is elementary law. The contract in this case is unambiguous; it is not involved in any doubt, is open to but one construction. Kenefick was appointed manager of the sales department of the corporation, with power to employ such salesmen as he deemed necessary. Next, his compensation was fixed at thirty-five per cent net or forty-five per cent gross on sales— not sales to be made on his individual solicitation or as the result of the efforts of his under-salesmen, but on all sales made of the products of the corporation, for they were all presumably made under the supervision and direction of the respondent as the manager of that department of appellant's business. The learned trial judge by his rulings on the admissibility of testimony, and by his instructions to the jury, interpreted the contract in harmony with the views

herein expressed. This disposes of the only assignment of error made in appellant's brief, and the judgment is affirmed. All concur.