JOHN B. NEWBERRY, Appellant, v. S. A. DURAND, Respondent.

**Kansas City Court of Appeals, March 4, 1901.**

1. **Evidence:** EXPLAINING AMBIGUITY. Where a contract is obscurely expressed so as to leave its meaning to conjecture, it may be explained by parol evidence, to show the circumstances surrounding the parties at the time of its execution.

2. ———: ———: ENTRY IN PARTNERSHIP BOOKS. A wife signed a statement made in the partnership book of her husband and another party to the effect that she ratified certain accounts in the book so far as any of her property was concerned. *Held*, parol evidence was admissible to show all the facts and circumstances under which the writing was signed so the court could determine what was probably intended by the language.

3. ———: ———: INSTRUCTIONS. Where a contract is ambiguous and resort is had to parol evidence to explain the circumstances of its execution, the court should charge the jury hypothetically as to the interpretation, so that their finding would determine the intention of the parties and, hence, the interpretation of the contract.

4. **Principal and Agent:** HUSBAND AND WIFE: EVIDENCE: INSTRUCTION. Though a wife testify that her husband was her agent, it does not follow that he had the right to sell her cattle, and it is wrong to so instruct the jury; in this case there is no evidence showing the husband's agency to sell.

5. ———: ———: ———: ———. The evidence, however, is sufficient to support an instruction as to the husband's agency to sell a half-interest in the wife's cattle.

6. ———: ———: ———: ———. An instruction summarized in the opinion is held to have submitted plaintiff's case very favorably to the jury as to the agency of the husband and his action thereunder.

Newberry v. Durand.

7. ——: ——: ——: ——. An instruction, telling the jury if the wife intended only by the writing to ratify the sale of a half-interest in the cattle then it did not confirm an absolute title in the partnership, is approved.

8. **Evidence:** ENTRIES IN PARTNERSHIP BOOK: HUSBAND AND WIFE. After a wife has, by a statement in the books of a partnership, ratified certain entries, she is not bound by subsequent entries in the partnership books, though made by her husband, and evidence thereof is inadmissible.

Appeal from Bates Circuit Court.—*Hon. W. W. Graves,* Judge.

AFFIRMED.

*Smith & Denton* for appellant.

(1) The court should have construed the written or documentary evidence, and declared to the jury what was its legal effect, and should not have submitted that question to the jury for determination. Chapman v. Railroad, 114 Mo. 542; Soap Works v. Sayers, 55 Mo. App. 15; Hunt v. Hunter, 52 Mo. App. 263; Brewing Co. v. Linck, 51 Mo. App. 478; Deutmann v. Kilpatrick, 46 Mo. App. 624, 627; Mfg. Co. v. Jaeger, 81 Mo. App. 139. (2) The court erred in submitting to the jury the question as to whether or not John B. Durand was the agent of his wife, the claimant, and whether or not as such agent he sold cattle to the firm of Durand & Brown, and as to whether or not the claimant acquiesced in, or ratified, such sale, either by writing or by receiving full compensation therefor; because all of these facts were admitted by the claimant upon the witness stand and were testified to by her husband, who was her agent, and because there was absolutely no conflict in the testimony on any of these questions, all of which were material matters in this proceeding. Cottrell v.

Spiess, 23 Mo. App. 35; Bank v. Hainline, 67 Mo. App. 483; Sash & Door Co. v. Gitchell, 69 Mo. App. 115; Windsor v. Railway, 45 Mo. App. 123, 128, 129; State v. Brooks, 99 Mo. 137, 142, 143; Ephland v. Railway, 137 Mo. 187; 198. (3) The court erred in submitting to the jury whether or not John B. Durand, as agent for the claimant, sold to J. M. Brown a half interest, only, in the cattle turned over to the firm Durand & Brown, with the understanding that a half interest was to remain the property of Sarah A. Durand and she to receive the proceeds thereof, for the reason that there was no evidence upon which to predicate either of these propositions. McCarthy v. Fagin, 42 Mo. App. 619; Campbell v. Van Houten, 44 Mo. App. 237; Graham v. Gross, 50 Mo. App. 377; Stone v. Hunt, 114 Mo. 66; State ex rel. v. Hope, 102 Mo. 410. (4) Instruction number 3, given by the court of its own motion, is contradictory in its terms, involved as to its legal effect, and calculated to mislead the jury. Frederick v. Allgaie, 88 Mo. 598; Hickman v. Link, 116 Mo. 123; Evers v. Shumaker, 57 M. App. 454; Gregory v. Sitlington, 54 Mo. App. 60. (5) The court erred in excluding from the jury the accounts which had been kept with the firm of Durand & Brown and entered in the book by Mr. Durand himself after the ratification shown in the evidence was executed, Mr. Durand, according to the undisputed testimony of claimant herself, being her agent in the entire management and disposal of her property, and by whose acts she was bound. Riley v. Vaughn, 116 Mo. 178, 179; McClain v. Abshire, 63 Mo. App. 333; Barrett v. Davis, 104 Mo. 549.

*C. F. Boxley* and *W. O. Jackson* for respondent.

(1) Writings may be explained by parol evidence, when uncertain. Lionberger v. Pohlman, 13 Mo. App. 123;

Sparks v. Brown, 46 Mo. App. 529; Tutt v. Price, 7 Mo. App. 194; Parks v. Brown, 33 Mo. App. 505; Riley v. Kersham, 52 Mo. 224; Deutmann v. Kilpatrick, 46 App. 624.   (2) The note mentioned in the evidence which Brown executed to claimant, being contemporaneous with the memorandum, should be considered along with it.   1 Greenl. on Evid. (13 Ed.), sec. 283.   (3) A married woman can only convey to her husband by writing.   And J. B. Durand could only sell the half interest to Brown which was authorized by claimant.   R. S. 1899, sec. 4340.

SMITH, P. J.—This is a proceeding which was begun under the provisions of sections 4927 and 4928, Revised Statutes 1889, to determine whether or not the claimant, the said S. A. Durand, was the owner of thirteen head of cattle which had been levied upon as the property of John B. Durand, the husband of the claimant, under an execution in favor of John B. Newberry and against the said John B. Durand.   There was a trial in which the claimant had judgment and the execution plaintiff appealed.

The case, briefly stated, is this: The claimant was the owner of eleven head of cows, and resided with her husband on a farm, the title to a part of which was in her and a part in him, until 1897, when her husband concluded to quit farming and engage in merchandising.   He rented the farm to one Brown for three years, and also entered into partnership with him under the firm name of Durand & Brown, to engage in farming and stock raising.   The claimant's husband sold one-half interest in her cattle to Brown and turned the possession of the same over to him.   Under the partnership agreement, Brown was to take the farm, care for the cattle and hogs, and "all the proceeds were to be divided equally."

During the years 1897 and 1898, the partnership sold

some of the cattle, and one-half of the proceeds arising therefrom was either paid directly to the claimant or to her husband and by him paid to her. And the same is true as to the milk which was sold by the partnership to a neighboring cheese factory. On the tenth of February, 1898, the claimant's husband failed in his mercantile business. About this time, some differences having arisen between Brown and the claimant in respect to the ownership of the cattle that had been put into the partnership, and as to the length of time for which the farm had been rented by the former from claimant's husband, they were settled and an adjustment of the partnership accounts between the partners and a division of the cattle were made. A written lease of the farm was then drawn up, Brown insisting that since the claimant asserted a title to the property that she should join in the execution of the lease, which she did accordingly.

In the book of account kept between each member and the partnership, the claimant's husband wrote and the claimant signed the following: "I hereby ratify the accounts in this book on pages 234 and 235, 236 and 237 and 240 and 241, between J. B. Durand and J. M. Brown and Durand and Brown, as far as any of my property may be concerned up to this date." In the account of Durand & Brown with J. B. Durand appears this entry: "1897. March 1. Cr. by 11 head of cattle, $228.62." This was the value of the cattle as agreed between the partners, when the same was turned over to Brown. In the settlement between the partners, Brown gave his note to the claimant for the half interest in the cattle which the claimant's husband had sold him when the partnership was formed.

The claimant was permitted, over the objections of the plaintiff, to testify to the facts and circumstances surrounding the signing of the writing by her for the purpose of show-

ing what was her intention in doing so. Whether this ruling of the court was proper, is one of the questions for our decision. It is well-settled law that where a contract is obscurely expressed or is so uncertain in its terms as to leave its meaning to conjecture, it may be explained by parol evidence. Smith v. Alexander, 31 Mo. 193; Shuetze v. Bailey, 40 Mo. 69; Kenefick v. Type Foundry Co., 72 Mo. App. 381. And so it has been held that where a bond, appearing on its face to be the obligation of a corporation, leaves it doubtful what corporation is intended, parol evidence will be received to explain the ambiguity. Franklin v. Board of Education, 75 Mo. 408; Ins. Co. v. Seminary, 52 Mo. 480. Where an agent makes a contract in his own name, parol evidence is admissible to show that it was the intention of the parties that the agent alone should be bound by it. Ferris v. Thaw, 72 Mo. 446. The latent ambiguity in a contract may be removed by resorting to other evidence on the same subject calculated to explain the intent. Adler v. Railroad, 92 Mo. 242; Goode v. Crow, 51 Mo. 212. When the subject-matter to which a writing relates is not entirely definite and clear, it is permissible and obviously just to receive in evidence a description of the circumstances of its execution, that the court may be placed as near as may be in the situation of the contracting parties, with a view the better to adjudge in what sense the language used was probably intended by them. Ellis v. Harrison, 104 Mo. 270.

Upon the face of the writing here, it is doubtful what acts of her husband, if any, or of the partnership, the claimant intended to ratify, or whether the ratification was intended to extend to the sale by her husband of her half interest in the cattle to Brown, or the sale by her husband to the partnership, if he did make such sale, of her entire interest in the cattle. It would be quite difficult, indeed, to understand from the

writing how the claimant could ratify the account of the partners with the partnership. If it was intended to ratify the acts of her husband in making the sale of her cattle to the partnership, it is not plainly so expressed in the writing. According to the authorities, it seems to us that it was perfectly competent for the claimant to show all the facts and circumstances under which the writing was signed, so as to enable the court to determine what was probably intended by the language used in the writing. Our conclusion is, that the court did not err in the reception of said evidence to which objection was made by plaintiff.

Nor do we think the instruction given by the court on its own motion for plaintiff, which left it to the jury to ascertain whether the claimant by said writing meant to ratify a sale by her husband to the partnership of all her cattle or to only one-half interest therein to Brown, one of the partners, was erroneous in expression. Where an instrument is ambiguous in any of its terms and the ambiguity can not be solved by reference to the other parts of it, and the surrounding circumstances are controverted, as here, by the evidence, the court should charge the jury hypothetically as to the interpretation thereof. The determination by the jury of the question the one way or the other, would determine the intention of the parties, and hence the interpretation of the contract. Deutman v. Kilpatrick, 46 Mo. App. 624; Michael v. Ins. Co., 17 Mo. App. 23; Gaslight Co. v. St. Louis, 46 Mo. 121; Norton v. Bohart, 105 Mo. 615.

The plaintiff objects that the second instruction given by the court for the claimant, which left it to the jury to determine whether or not the claimant's husband was her agent in handling her cattle, and whether or not as her agent he sold her cattle to the partnership, and whether or not she ratified such sale, was erroneous in enunciation, for the reason that the claim-

ant testified that her husband was her agent, and for the further reason there was no conflict in the evidence in respect thereto. This objection we do not think can be sustained. It is true the claimant testified that her husband was her agent, but no intimation was given as to the extent or scope of his agency. It may be inferred that she meant that he was her agent in the handling, care and management of her cattle, but even if this be so, such an agency would not necessarily include the authority to sell. An agency to transact all of the business of a principal does not authorize the agent to sell the property of his principal. Maguire v. Tyler, 1 Black, 430. We do not think, from the bare admission that claimant's husband was her agent without more, the law would imply authority in him to sell her cattle, for the rule is that to establish an agency for the wife on the part of the husband the evidence must be cogent and strong and more satisfactory than would be required by a person occupying different relations. Eystra v. Capelle, 61 Mo. 578. The record discloses no admission on the part of the claimant, nor uncontroverted evidence, that the claimant's husband was her agent for the sale of her cattle, and whether there was such an agency was a question of fact very properly submitted to the jury.

Nor do we think the instruction just referred to is, as plaintiff contends, subject to the objection that the hypothesis thereof is not founded on any substantial evidence, direct or inferential. The uncontradicted evidence shows that the claimant's husband sold to Brown a half interest in her cattle, and the fact that he had authority to make such sale may be inferred from her conduct. At no time after such sale did she pretend that the sale was unauthorized, or that Brown had acquired no title thereby, but on the contrary she in every way recognized the validity of such sale and consequently the authority of her husband to make it.

The plaintiff further contends that the third instruction given by the court for the claimant was erroneous. This in substance told the jury that if it found from all the facts and circumstances that said writing was signed by claimant for the purpose of ratifying an absolute sale of all her cattle turned over to the said partnership, then the plaintiff should recover unless it was further found that the cattle levied on were part of those formerly belonging to said partnership. But if it further found that said writing was intended only to ratify a sale of a half interest to Brown and not otherwise, then said writing did not confirm absolute title in the said partnership and under the evidence and other instructions the claimant ought to recover. This instruction assumed that the claimant's husband, as her agent, sold all of her cattle to the partnership and then told the jury that if she signed said writing for the purpose of ratifying such sale that it should find for the plaintiff, provided it further found that the cattle levied were a part of the cattle formerly belonging to the partnership, or, which is the same thing, a part of the cattle which were acquired by the partnership under such sale and belonging to it before the division took place. It is thus seen that this paragraph of the instruction placed the case before the jury in a very favorable light for the plaintiff.

The second paragraph just referred to further told the jury that if by signing said writing the claimant intended only to ratify a sale to Brown of a half interest in the cattle, that then such ratification did not have the effect to confirm an absolute title in the partnership. It is not perceived that this instruction, when viewed in its entirety, is in any respect contradictory or misleading.

In hereinbefore noticing the rulings of the court in respect to the evidence, we omitted to notice the rejection of plaintiff's offer of entries made in the book containing part-

nership accounts kept by claimant's husband after the date of the writing therein signed by her. The relevancy of such proffered evidence is not perceived. Presumably, these entries relate to transactions of the partnership and can in no way bind the claimant who was not privy thereto.

An examination of the entire record has not convinced us that there is no substantial evidence to support the verdict. The case was fairly submitted to the jury under the evidence and instructions and the conclusion reached by it is conclusive on us. The judgment will be affirmed. All concur.